UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-2717-VBF-SK Date: August 4, 2026
Title Yohanna Rosally Urrutia Canizalez v. Warden, et al.

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s)/Petitioner(s): None present | Attorneys Present for Defendant(s)/Respondent(s): None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner is a native and citizen of Venezuela detained at the Adelanto ICE Processing Center since March 25, 2026, when she was arrested at a scheduled ICE check-in appointment in San Bernardino that she voluntarily attended. On May 20, 2026, she filed a pro se petition under 28 U.S.C. § 2241, alleging that her detention without any individualized custody determination violated the Immigration and Nationality Act (INA) and constitutional due process, together with an ex parte application for a temporary restraining order, which the district judge denied procedurally. Respondents answered on May 27, 2026, asserting that this court lacks jurisdiction to entertain the petition and that petitioner is an “arriving alien”—“per se an applicant for admission”—subject to mandatory detention under 8 U.S.C. § 1225(b) and entitled to no custody redetermination at all. (ECF 7 at 1 & n.1). No evidence is attached to that answer.

After appointment of counsel, petitioner filed a counseled reply on July 13, 2026, contending that her detention is governed by § 1226(a) and that her re-detention without any hearing violated due process. (ECF 11). The parties thus dispute which statute—if any—authorizes petitioner’s detention. But both positions presuppose an antecedent fact that no document in the record establishes: the character, and continuing status, of the release that placed petitioner at liberty for the twenty months before her arrest. On July 26, 2024, petitioner applied for admission at the Paso Del

Norte Port of Entry through a scheduled CBP One appointment; she was placed in removal proceedings under 8 U.S.C. § 1229a and released into the United States—"paroled into the country," in her filings' words, a characterization respondents nowhere dispute and their own regulatory citations presuppose. She then remained out of custody for approximately twenty months, evidently complying with the conditions of her supervision, including scheduled check-ins. On March 24, 2026, an immigration judge ordered her removed; she timely appealed to the Board of Immigration Appeals (BIA) on April 15, 2026, and that appeal remains pending, so her removal order is not administratively final. The day after the immigration judge's order—on March 25, 2026—petitioner was arrested when she appeared for her scheduled check-in.

Missing from the record, though, are: any document identifying the mechanism, terms, or duration of petitioner's July 2024 release at the port of entry; any notice or other documentation terminating, revoking, or superseding that release before March 25, 2026; and the administrative warrant or custody-determination paperwork for the March 25 arrest identifying the detention authority invoked. These gaps matter because the legal consequences of petitioner's July 2024 release—and thus the authority to detain her twenty months later—depend on its character. If that release was so-called "humanitarian parole" under INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A), then by regulation it could be terminated before its expiration only upon written notice. *See* 8 C.F.R. § 212.5(e). The re-arrest power of 8 U.S.C. § 1226(b) would not reach petitioner, because that power extends by its terms only to "a bond or parole authorized under" § 1226(a). *Jennings v. Rodriguez*, 583 U.S. 281, 308–09 (2018). And—as respondents themselves point out—the regulations withhold from immigration judges the authority to redetermine the custody of those paroled after arrival under INA § 212(d)(5)(A), because they remain classified as "arriving aliens." *See* 8 C.F.R. § 1003.19(h)(2)(i)(B). (ECF 7 at 1 n.1).

In other words, respondents' position that petitioner may be detained with no custody hearing of any kind presupposes that her parole ended; petitioner's position that § 1226(a) governs presupposes much the same. But an immigration judge's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. | 5:26-cv-2717-VBF-SK Date: August 4, 2026 |
| Title | Yohanna Rosally Urrutia Canizalez v. Warden, et al. |

removal order that is not administratively final is not among the termination events that 8 C.F.R. § 212.5(e) recognizes—written notice, expiration of the authorized period, or departure. The question, then, is whether anything lawfully terminated petitioner's parole before her arrest at her scheduled check-in on March 25, 2026.

* * *

Under 28 U.S.C. § 2243, respondents must certify the true cause of petitioner's detention, so that the court can "dispose" of the petition "as law and justice require." Therefore, respondents are ORDERED TO SHOW CAUSE at the scheduled hearing on August 19, 2026 (1:30 pm in Courtroom 540) why—if petitioner's July 26, 2024 release was on parole under INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A), but was not terminated in conformity with 8 C.F.R. § 212.5(e) before March 25, 2026—she should not be restored to her parole status and released immediately on the conditions of that parole as of March 25, 2026.

If respondents intend to rely on any documents at the hearing, they must be produced to petitioner's counsel and filed with the court by no later than August 12, 2026, and in accordance with 28 U.S.C. § 2246. Such documents may include: (a) the instrument by which petitioner was released in July 2024—including any Form I-94, parole authorization, order of release on recognizance, or bond documentation—together with its stated terms, conditions, and duration; (b) any notice, memorandum, or other documentation terminating, revoking, or superseding that release before March 25, 2026, or, if none exists, a declaration under penalty of perjury by a person with knowledge stating that fact; and (c) the administrative warrant and any notice of custody determination served in connection with the March 25, 2026 arrest, identifying the statutory authority claimed for petitioner's detention.

Alternatively, respondents may discharge this show-cause by filing no later than August 12, 2026, a stipulation with petitioner and proposed judgment granting the § 2241 petition with release ordered on the same or similar conditions of her parole as of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:26-cv-2717-VBF-SK | Date: August 4, 2026 |
| Title | Yohanna Rosally Urrutia Canizalez v. Warden, et al. | |

March 25, 2026, without prejudice to their rights to terminate that parole in strict compliance with 8 C.F.R. § 212.5(e), and any other applicable law.

IT IS SO ORDERED.